**Marianas Visitors Bureau, et al.,**
Petitioners/Appellants,

**v.**

Civil Action No. 94-0516
Order Denying Stay Pending Appeal
August 12, 1994

Submitted August 11, 1994

Counsel for appellants: Eric S. Smith, Saipan.

Counsel for appellee: Attorney General, Saipan.

BEFORE: ATALIG, Justice.

ATALIG, Justice:

The movants, Marianas Visitors Bureau and several of its private members ("MVB"), seek a stay of a judgment entered by the trial court on June 23, 1994. In the judgment, the court concluded that: (1) MVB was subject to the Governor's constitutional reorganization power; and (2) Executive Order ("E.O.") 94-2 was invalid. Based upon the factors for consideration of a stay pending appeal, enunciated in *Vaughn v. Bank of Guam*, 1 N.M.I. 318, 320-21 (1990) (per curiam), and advanced by MVB, a stay of the judgment is not warranted pending the resolution of the appeal from that judgment.

First, while MVB has raised serious questions for our review, it has failed to show that the balance of hardships weighs in its favor; or, alternatively, a threat of irreparable harm arising from the execution of the judgment and the likelihood of success on the merits.[1] We have jurisdiction over final judgments of the trial court. 1 CMC § 3102(a). It follows that any irreparable injury MVB seeks to prevent must stem from the disputed judgment. However, the judgment struck down E.O. 94-2 as invalid, and its execution is meaningless with respect to MVB's arguments before this Court.

The crux of MVB's arguments that injury will result from the judgment revolves around the impending effectiveness of the subsequently-issued E.O. 94-3. Indeed, this Court infers from MVB's argument that what it appears to ultimately seek is a stay of E.O. 94-3. MVB has not shown: (1) why this Court should entertain the propriety of E.O. 94-3, in a motion to stay the judgment invalidating E.O. 94-2; (2) that E.O. 94-3 stems from the judgment; (3) that any impending irreparable injury or hardship arising from E.O. 94-3 would result from the execution of the trial court's judgment; and (4) that it could not otherwise be given relief for any injury resulting from the enforcement of the disputed judgment.

Additionally, a stay issued by this Court would be problematic. The judgment appears to be twofold, and MVB is aggrieved by that portion concluding that it was subject to gubernatorial reorganization. However, it is not that portion of the judgment which effectively disposed of the matter before the trial court. By rendering E.O. 94-2 invalid, the court's opinion that MVB falls within the Governor's reorganization ability is *obiter dictum*.[2]

In unnecessarily entertaining a constitutional issue,[3] and basing a portion of its judgment on dicta, the trial court created a conundrum, in light of MVB's motion for a stay. This is because a stay issued by this Court would stay that portion of the judgment in which the trial court concluded that the Governor had the power to include MVB in the E.O. However, at the same time it would, effectively, render E.O. 94-2 valid. This is precisely what MVB fought below. Thus, not only has MVB failed to show support for a stay in this matter, but any stay ordered would necessarily contain inherent ambiguities.

Based on the foregoing, and pursuant to Com. R. App. P. 8 and 27, MVB's motion for stay pending appeal is hereby **DENIED**.

---

[1] No affidavits were submitted to this Court, as required under Com. R. App. P. 8, which would show facts supporting either hardship or irreparable harm.

[2] *Obiter dictum* is:

[A]n observation or remark made by a judge in pronouncing an opinion upon a cause, concerning some rule, principle, or application of law, or the solution of a question suggested by the case at bar, but not necessarily involved in the case or essential to its determination[, and] . . . lack[ing] the force of adjudication.

BLACK'S LAW DICTIONARY 454 (6th ed. 1990) (citation omitted).

[3] The resolution of an issue on non-constitutional grounds is preferred where possible. *See, e.g., In re Estate of Tudela,* 4 N.M.I. 1, 5 (1993) (citing *Marianas Pub. Land Trust v. Marianas Pub. Land Corp.,* 1 CR 974, 977 (Trial Ct. 1984)).